THOMAS, Judge.
Julia A. Strain (“the mother”) and Arnold Ray Maloy (“the father”) were divorced in July 2006. In March 2008, the father filed a petition to modify the divorce judgment and a petition seeking to have the mother held in contempt for failing to allow the father visitation as provided in the divorce judgment. The mother answered the father’s petitions and counter-petitioned on several occasions over the following two years, seeking a modification of the divorce judgment and to have the father held in contempt for various alleged breaches of the divorce judgment.
After several continuances, hearings on discovery matters, and the issuance of a temporary restraining order applying to both parties, the trial court set the modification and contempt issues for a trial on September 21, 2010. On the date set for the trial, the parties negotiated an agreement as to several of the issues raised in their respective pleadings, but they were unable to reach an agreement regarding the continued counseling of the parties and their minor child and the visitation to be awarded the father. According to the judgment at issue in this appeal, the trial court then informed the parties that it desired that they submit the remaining issues for the court’s determination. Although the mother’s attorney requested that the parties begin the trial that day, recess for the evening, and then resume the trial the next day, the trial court “denied [the mother’s] oral request due to the age of this case, the lateness of the day, and the fact that this Court has a new and separate docket the next day with many cases having been set for trial many *571 months in advance.” The trial court then apparently called the case for “hearing,” and counsel for each party “presented [his or her] position.”
The trial court entered a judgment on October 6, 2010, appointing a counselor for the parties and setting out the visitation schedule for the father. The mother filed a postjudgment motion on September 24, 2010, apparently after having been informed of the general substance of the judgment by the trial court from the bench on the date of the hearing; that motion is considered to have been filed on the date the judgment was entered in the State Judicial Information System pursuant to Rule 4(a)(4), Ala. RApp. P. (“A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof.”). The mother later amended her post-judgment motion to more specifically challenge aspects of the trial court’s written judgment.
The trial court entered an amended judgment on November 15, 2010, addressing the father’s child-support arrearage that the trial court had omitted from its earlier judgment, correcting minor clerical errors in paragraph 13 and paragraph 18 of the judgment, and denying all other requested relief. On November 22, 2011, the trial court entered an order nunc pro time in which it corrected two clerical errors in the judgment, including correcting the judgment to read “THIS CAUSE came on for hearing.... ” as opposed to “THIS CAUSE came on for trial....” The mother appeals, arguing only that the trial court denied her the right to due process of law when it entered a judgment on the pending modification petitions without holding an evidentiary hearing.
The mother is correct in arguing that a parent is entitled to due process in proceedings involving the custody of a child. Danford v. Dupree, 272 Ala. 517, 520, 132 So.2d 734, 735-36 (1961). The Danford court stated:
“In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction.”
Danford, 272 Ala. at 520, 132 So.2d at 735-36. As this court has further explained:
“[Procedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition’s claims; and representation by counsel if it is desired.”
Crews v. Houston Cnty. Dep’t of Pensions & Sec., 358 So.2d 451, 455 (Ala.Civ.App.1978) (emphasis added); see also R.C. v. L.C., 923 So.2d 1109, 1111-12 (Ala.Civ.App.2005).
The record reflects clearly that the trial court refused to allow the mother a trial on the modification petitions pending before the court and instead simply based its judgment on those pending petitions on arguments presented by counsel. In Dan-ford, our supreme court reversed a child-custody judgment when the trial court had failed to provide the requisite due process of law. Danford, 272 Ala. at 520, 132 So.2d at 736. The Danford court stated that “[i]t seems apparent from the record that the learned trial court failed to give recognition to the[ ] governing principles [requiring due process of law] and in effect stopped the proceedings and prejudged the case without having a full hearing.” *572 Id. The same is true in the present case. Accordingly, the judgment of the trial court is reversed, and the cause is remanded for proceedings consistent with the requirements of due process.
REVERSED AND REMANDED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and MOORE, JJ., concur.