MOORE, Judge.
M.G. (“the mother”) appeals from a judgment of the Cullman Juvenile Court (“the juvenile court”) declaring B.T. (“the child”), who was born on November 26, 1996, dependent and awarding custody of the child to J.T., the child’s stepmother (“the stepmother”).

Procedural History

On October 24, 2011, the stepmother filed a dependency petition alleging that the child’s father, H.T. (“the father”), had died; that she feared for the child’s safety around the mother because there were drugs around the mother’s home; that the mother had not paid child support; that the child, who was 14 years old, had been living with the stepmother since she was 5 years old; and that the mother had not been in the child’s life “much at all” and had visited with the child only 3 times in the year preceding the filing of the petition. That same day, the juvenile court entered an order appointing a guardian ad litem for the child and scheduling a hearing on the stepmother’s petition for October 27, 2011. On October 27, 2011, the juvenile court entered a judgment stating:
“This case is before the court on the Petition of the step-mother ... for Custody of [the child]. The Petition alleges that [the father] passed away on October 22, 2011. Furthermore, the Petition alleges that the ... mother ... has failed to support the minor child by never paying child support as ordered in a previous divorce decree and not exercising visitation on a regular basis as provided in the divorce decree. Additionally, the Petition alleges there may be illegal drug use around the mother’s home. The mother was not served with the Petition and was not present in court.
“The Court finds that after review of the Pleadings and discussion with the [guardian ad litem] and the attorney for the [stepmother] ... the minor child is dependent and in need of care and supervision. Accordingly, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:
“1. [The stepmother] is awarded the full care, custody, and control of the minor child ... and is granted the authority to authorize medical treatment, including surgical procedures as necessary; coordinate with school and educational officials on issues concerning the minor child; and to coordinate with officials from the Social Security Administration to secure survivor benefits due the minor child.
“2. The grant of custody shall be continuing until the child is emanci *764 pated and shall grant [the stepmother] all rights and privileges necessary to act in loco parentis for the benefit of the minor child.”
The mother was served with the petition on October 31, 2011, and, on that same day, she filed, pro se, a letter requesting custody of the child. She alleged that the stepmother’s son had sexually abused the child, disputed the stepmother’s allegations regarding the mother’s lack of visitation with the child, and asserted that the father and the stepmother had prevented her from being a part of the child’s life. On November 3, 2011, the mother filed, through counsel, a motion to set aside or vacate the judgment for lack of jurisdiction. The mother argued that the juvenile court had violated her due-process rights to notice and an opportunity to be heard and had failed to conduct an evidentiary hearing.[1] On November 14, 2011, the mother filed her notice of appeal to this court. On December 1, 2011, the juvenile court entered an order setting the mother’s motion for a hearing on the next available docket. On December 4, 2011, the juvenile court vacated its December 1, 2011, order because the mother had filed her appeal.[2]

Discussion

On appeal, the mother argues that the juvenile court lacked jurisdiction to enter its October 27, 2011, judgment. Specifically, she argues that her due-process rights were violated because she was not given notice or an opportunity to be heard, no evidentiary hearing was held, the juvenile court'held improper ex parte communications with the guardian ad litem and the stepmother’s attorney, and the guardian ad litem failed to comply with her duty to investigate.
We initially note that the mother’s arguments regarding the alleged ex parte communications and the guardian ad litem’s alleged failure to investigate were not raised in the juvenile court. “This court cannot consider arguments raised for the first time on appeal. Our review is restricted to the evidence and the arguments considered by the trial court.” S.K. v. Madison Cnty. Dep’t of Human Res., 990 So.2d 887, 895 (Ala.Civ.App.2008). Thus, we decline to consider the mother’s arguments on those issues.
The mother next asserts that the juvenile court’s failure to give her notice and an opportunity to be heard and to hold an evidentiary hearing violated her due-process rights and, thus, that the juvenile court’s judgment is void for want of due process of law.
“ ‘It is well settled that “[i]n dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed,” which necessarily includes “a hearing or opportunity to be heard before a court of competent jurisdiction.” ’ ” Ex parte R.W., 41 So.3d 800, 803 (Ala.Civ. App.2009) (quoting Parker v. Parker, 10 So.3d 567, 569 (Ala.Civ.App.2008), quoting in turn Danford v. Dupree, 272 Ala. 517, *765 520, 132 So.2d 734, 735-36 (1961)). Rule 13(A)(1), Ala. R. Juv. P., specifically provides that, in dependency proceedings, a child’s parents must be served with a summons and a copy of the petition. Further, pursuant to § 12-15-310(b), Ala.Code 1975, a part of the Alabama Juvenile Justice Act (“the AJJA”), § 12-15-101 et seq., Ala.Code 1975, “the juvenile court may find a child dependent only if clear and convincing evidence presented in an adjudicatory hearing establishes the dependency of the child.” Montgomery Cnty. Dep’t of Human Res. v. McDermott, 74 So.3d 455, 458 (Ala.Civ.App.2011). “[T]he AJJA does not authorize a juvenile court to declare a child dependent ex mero motu without an evidentiary hearing held in accordance with due process.” Id.
“ ‘ “A judgment is void only if the court which rendered it [1] lacked jurisdiction of the subject matter, or [2] of the parties, or [3] if it acted in a manner inconsistent with due process.” ’ Neal v. Neal, 856 So.2d 766, 781 (Ala.2002) (quoting Seventh Wonder v. Southbound Records, Inc., 364 So.2d 1173, 1174 (Ala. 1978)). See also Smith v. Clark, 468 So.2d 138, 141 (Ala.1985); Cassioppi v. Damico, 536 So.2d 938, 940 (Ala.1988); Pollard v. Etowah County Comm’n, 539 So.2d 225, 228 (Ala.1989); Satterfield v. Winston Indus., Inc., 553 So.2d 61, 64 (Ala.1989); Fisher v. Amaraneni, 565 So.2d 84, 87 (Ala.1990); Hughes v. Cox, 601 So.2d 465, 467-68 (Ala.1992); Greene v. Connelly, 628 So.2d 346, 351 (Ala.1993); and Rule 60(b)(4), Ala. R. Civ. P.
“‘“[I]t is established by the decisions in this and in Federal jurisdictions that due process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.”
“ ‘Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940) (emphasis added). The rule that a want of due process, so defined, voids a judgment is not redundant with the rule that a want of personal jurisdiction likewise voids a judgment, for a person already effectively made a party to litigation could, on some critical motion or for some critical proceeding within that litigation, be deprived of the “notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing,” required by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, Frahn, supra. See Winhoven v. United States, 201 F.2d 174 (9th Cir.1952), Bass v. Hoagland, 172 F.2d 205 (5th Cir.1949), Cassioppi [v. Damico, 536 So.2d 938 (Ala. 1988) ], and Seventh Wonder [v. Southbound Records, Inc., 364 So.2d 1173 (Ala.1978) ].’
“Neal, 856 So.2d at 781-82.
“In Frahn v. Greyling Realization Gorp., our supreme court noted:
“ ‘It was observed in Evans v. Evans, 200 Ala. 329, 76 So. 95 [ (1917) ], that such are the requirements of due process, being the fundamental conditions universally prescribed in a system of laws established and all state laws, statutory and judicially declared, regulating procedure, evidence and method of trials, which must be consistent with such requirements of the constitutions. Such rule is stated as follows in 6 R.C.L. § 442, p. 446: “... In fact one of the most famous and perhaps the most often quoted definition of due process of law is that of Daniel Webster in his argument in the Dartmouth College case (Dartmouth College v. Woodward, 4 Wheat. 518, 4 U.S. (L.Ed.) 629 [ (1819) ]), in which he declared that by due process of law was meant ‘a law which hears before *766 it condemns; which proceeds upon inquiry, and renders judgment only after trial.’ (Ex parte Wall, 107 U.S. 265, 2 S.Ct. 569, 27 U.S. (L.Ed.) 552 [ (1883) ].) Somewhat similar is the statement that it is a rule as old as the law that no one shall be personally bound until he has had his day in court, by which is meant, until he has been duly cited to appear, and has been afforded an opportunity to be heard. Judgment without such citation and opportunity (to be heard) wants all the attributes of a judicial determination; it is judicial usurpation and oppression, and can never be upheld where justice is fairly administered. (Galpin v. Page, 18 Wall. 350, 21 U.S. (L.Ed.) 959 [ (1873) ]; Hovey v. Elliott, 167 U.S. 409, 17 S.Ct. 841, 42 U.S. (L.Ed.) 215 [ (1897) ]; Ferry v. Campbell, 110 Iowa 290, 81 N.W. 604, 51 L.R.A. 92 [ (1900) ]).” (Parenthesis supplied.)’
“239 Ala. 580, 583, 195 So. 758, 761 (1940).”
M.H. v. Jer. W,. 51 So.3d 334, 337-38 (Ala.Civ.App.2010).
In the present case, the juvenile court’s judgment indicates that the mother was neither served with a summons and a copy of the petition nor given an opportunity to be heard. Further, the juvenile court indicated that it had merely reviewed the pleadings and had had “discussions” with the guardian ad litem and the stepmother’s attorney; there is no indication that the juvenile court conducted an adjudicatory hearing at which clear and convincing evidence established the dependency of the child. Because of those deficiencies, we conclude that the juvenile court’s October 27, 2011, judgment was entered in a manner that is inconsistent with due process and, therefore, is void. A void judgment will not support an appeal. Jones v. Sears Roebuck & Co., 342 So.2d 16, 17 (Ala.1977). Accordingly, we dismiss the mother’s appeal, albeit with instructions to the juvenile court to vacate its void judgment.
APPEAL DISMISSED WITH INSTRUCTIONS.
THOMPSON, P.J., and PITTMAN, BRYAN, and THOMAS, JJ., concur.

. The mother also stated that she had been awarded custody of the child by the Cullman Circuit Court. The mother attached a copy of a judgment entered by the Cullman Circuit Court on October 31, 2011, awarding the mother sole custody of the child.

. The mother’s postjudgment motion was timely filed within the 14-day period for filing such motions provided in Rule 1(B), Ala. R. Juv. P. The mother’s postjudgment motion was deemed denied on November 17, 2011, 14 days after it was filed. See Rule 1(B). Because the mother filed her notice of appeal while her postjudgment motion was still pending, the appeal was held in abeyance until her postjudgment was disposed of, and the appeal became "effective” on that date. See Rule 4(a)(5), Ala. R.App. P.