THOMPSON, Presiding Judge.
Jane Ellen Gilmore (“the mother”) and Charles H. Gilmore III (“the father”) were divorced by an April 2009 judgment of the trial court. The divorce judgment awarded the father custody of the child born of the parties’ marriage and awarded the mother visitation at times upon which the parties could agree.
On January 10, 2012, the mother filed a complaint seeking a modification of custody of the child, alleging, in part, that the *834 father had restricted her visitation with the child. The day after the mother filed her complaint, the trial court scheduled a hearing for February 2, 2012. A few days later, the mother filed a motion requesting that the trial court enter a pendente lite order awarding the parties custody of the child on alternating weeks. The mother requested that the trial court consider her request for pendente lite custody of the child, who was then almost 10 years old, during the scheduled February 2, 2012, hearing.
The father responded to the mother’s motion for joint physical pendente lite custody by opposing that motion and asking that the trial court take testimony at the February 2, 2012, hearing. The father later filed an answer and a counterclaim requesting that the mother be awarded “the traditional and/or minimal visitation schedule.”
The trial court conducted the February 2, 2012, hearing, at which it received testimony and documentary evidence. On March 5, 2012, the trial court entered a “final modification judgment” ordering, among other things, that the parties share joint legal and physical custody of the child and that the parties each have physical custody of the child on alternating weeks.
The father filed a motion in the trial court seeking to clarify whether the March 5, 2012, judgment was a final judgment or a pendente lite order. The trial court responded by entering an order stating that the matter had been adjudicated on its merits and that the March 5, 2012, judgment was a final judgment. The father filed a timely postjudgment motion, and the trial court denied that motion. The father timely appealed.
We conclude that the dispositive issue on appeal is the father’s argument that the trial court erred in entering a final judgment on the merits after merely conducting a hearing on the mother’s motion for pendente lite custody. This court has stated:
“ ‘ “Pendente lite orders are generally entered only during the pendency of the litigation and are usually replaced by a final order or judgment that is entered at the end of the litigation. Sims v. Sims, 515 So.2d 1 (Ala.Civ.App.1987). In custody situations, a pendente lite order clearly envisions continuing custody pending a later final determination of that custody dispute, whereas ‘custody awards’ are final and are generally intended to remain in effect until one of the parties succeeds in a petition requesting the court to modify its custody award. Sims, supra.” ’ ”
Amberson v. Long, 998 So.2d 1078, 1079 (Ala.Civ.App.2008) (quoting S.S. v. T.R.A, 716 So.2d 719, 720 (Ala.Civ.App.1998), quoting in turn Ex parte J.P., 641 So.2d 276, 278 (Ala.1994)). In this case, the father contends that the trial court violated his due-process rights by entering a final judgment on the merits after merely conducting a hearing on the mother’s motion for pendente lite custody at which it indicated that it intended to enter only a pen-dente lite order.
“[A] parent is entitled to due process in proceedings involving the custody of a child.” Strain v. Maloy, 83 So.3d 570, 571 (Ala.Civ.App.2011). In Strain v. Maloy, supra, this court explained:
‘“In dealing with such a delicate and difficult question — the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction.’
*835 “Danford [v. Dupree ], 272 Ala. [517,] 520, 132 So.2d [734,] 735-36 [(1961)]. As this court has further explained:
“ ‘[Procedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition’s claims; and representation by counsel if it is desired.’
“Crews v. Houston Cnty. Dep’t of Pensions & Sec., 358 So.2d 451, 455 (Ala.Civ.App.1978) (emphasis added).”
83 So.3d at 571.
The father cites M.G. v. J.T., 90 So.3d 762 (Ala.Civ.App.2012), in which, in a dependency action, the mother was not served with process and a copy of the dependency petition and was not afforded an opportunity to be heard on the dependency petition. In that case, this court held that the judgment was void because it was entered in a manner that was inconsistent with due process. M.G. v. J.T., 90 So.3d at 766.
In this case, the parties clearly had appropriate notice of the claims the other asserted. However, the trial court scheduled the hearing to occur less than one month after the custody-modification action was filed, and, at the time the trial court entered its judgment, the action had been pending for only two months. The order that scheduled the February 2, 2012, hearing was entered the day after the modification complaint was filed. That order gave no indication that the trial court intended that that hearing would be a final hearing on the merits. The court reporter’s notations on the transcript for the February 2, 2012, hearing indicate that that hearing was a hearing on the mother’s motion for pendente lite custody.
The record indicates that the trial court intended that the hearing merely be a hearing on the mother’s motion for pen-dente lite custody. Specifically, at the close of the ore tenus hearing, the trial court repeatedly stated that it would enter a pendente lite order and that it would enter a permanent order or judgment after a later hearing. For example, the trial court stated:
“I can tell you what I am going to do, I am going to do it pendente lite. And I am going to do it permanent at the hearing, if you have got anymore to present. But I am going to give you joint physical custody. You are going to go back to this shared relationship you had before.”
The trial court then stated that it would enter an order awarding the parties alternating weekly physical custody and that the parties could confer about scheduling a future hearing as to “permanent” custody. At the conclusion of the hearing, the trial court also advised the parties not to discuss the pending litigation with the child. It is clear that the parties and the trial court recognized that the February 2, 2012, hearing was a hearing on the mother’s motion for pendente lite custody and that, at the time of that hearing, the trial court had intended to enter a pendente lite order. However, the trial court entered its March 5, 2012, ruling as a final judgment on the merits.
This ease does not involve the lack of due process at issue in M.G. v. J.T., supra, so as to render the judgment void for want of due process; the parties to this action were served with notice of the claims involved. However, there was no indication in the record that the trial court intended to consider the parties’ claims seeking a final custody determination at *836 the February 2, 2012, hearing. Accordingly, we conclude that the trial court erred to reversal in entering a judgment on the merits without affording the parties an opportunity to fully litigate the action on the merits. We reverse the trial court’s judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, BRYAN, THOMAS, and MOORE, JJ., concur.