DONALDSON, Judge.
M.E. (“the mother”) appeals from the judgment of the Jefferson Juvenile Court *738 (“the juvenile court”) ordering that custody of her minor son, J.H. III (“the child”), continue with the child’s maternal grandfather and his wife (“the grandparents”) and closing the dependency case concerning the child to further court review. The mother asserts that she was deprived of the right to due process and that, by closing the case, the juvenile court improperly relieved the Jefferson County Department of Human Resources (“DHR”) of its duties. Because we hold that the mother was not provided adequate notice of the nature of the proceedings that were conducted, and thus was denied due process, we reverse and remand.

Facts and Procedural History

The record indicates that DHR filed a dependency petition concerning the child in the juvenile court on September 1, 2012. The petition alleged that the mother had left the then 15-month-old child in the care of her paramour, who then assaulted the child. The child was placed in the temporary custody of the grandparents. On February 20, 2013, the parties stipulated to the dependency of the child. Later that day, the juvenile court entered an order scheduling a “review hearing” for May 29, 2013. The order, which was on a standardized form, listed certain types of proceedings that could be marked by the court with a check mark to further specify the purpose of the scheduled proceeding. The box for “Compliance/Dispositional Hearing” is checked on the form, but the box for “Permanency Hearing” is not checked. On March 12, 2013, the juvenile court appointed a Court Appointed Special Advocate (“the CASA”) to represent the best interests of the child and to report to the court the circumstances surrounding the welfare of the child. On March 19, 2013, the grandparents filed a contempt motion, alleging that the mother had not been paying the court-ordered child support. The hearing on the contempt motion was also set for May 29, 2013.
At the May 29, 2013, hearing, the juvenile court began the proceeding by announcing: “We’re set today for a motion for contempt” and “We’re also here on review today.” The juvenile court did not receive sworn testimony at the hearing, but it heard arguments from counsel for DHR, counsel for the mother, counsel for the grandparents, and the child’s guardian ad litem. During the arguments, DHR asked the court to change the permanency plan for the child from one of reunification to a concurrent plan of reunification and permanent relative placement. DHR also recommended continuing custody of the child with the grandparents. DHR’s counsel requested that the court “close” the case because the mother had not complied with DHR’s requests or with orders of the court.
Among other things, counsel for the parties discussed the mother’s living situation and whether she had continued a relationship with the paramour who had assaulted the child. The attorney for the grandparents indicated that the grandparents expected to call witnesses at any hearing held on the issues. During the proceedings, the guardian ad litem questioned a witness identified as a law-enforcement officer about certain events; however, the witness was not sworn and the exchange was conducted informally without direct examination or cross-examination. The attorney for the mother maintained that the mother would refute the factual allegations made by DHR, the grandparents, and the guardian ad litem concerning the mother’s alleged noncompliance with DHR requests and the orders of the court.
At the conclusion of the arguments, the juvenile court asked the parties if they wanted to present any other testimony or evidence. The guardian ad litem request *739 ed an opportunity to ask the mother a question under oath. The juvenile court responded by stating that no more evidence was needed, and it then announced it had decided to leave the child in the grandparents’ custody and to “close” the case. The juvenile court stated that it was entering the order over the mother’s objection.
The juvenile court subsequently entered a written judgment stating that a “Compliance/Dispositional” and “Permanency” hearing had been held on May 29, 2013. Adopting DHR’s permanency plan, the judgment vested permanent custody in the grandparents, relieved DHR and the CASA from further supervision or involvement in the case, and closed the matter to further court review. On June 10, 2013, the mother submitted a timely motion to alter, amend, or vacate the judgment, raising the arguments that her due-process rights had been violated by a lack of adequate advance notice of the nature of the proceedings and that the case had been prematurely closed. Specifically, the mother’s motion stated:
“That the hearing held on May 29, 2013, was identified as a Compliance/Dispositional Hearing not as a Permanency Hearing. However, the substance of the hearing held on that date indicated that it was a Permanency Hearing.
“That the mother had notice of a Compliance/Dispositional Hearing that was to be held on that date, but received no notice of a Permanency Hearing.
“That the mother’s due process was violated by holding a Permanency Hearing on May 29, 2013.
“In the DHR Court Report prepared on May 20, 2013, and incorporated into the Court Order dated May 29, 2013, DHR’s permanency plan was for the child to be reunited with the parent.
“That closing the above-styled case would unfairly prejudice the mother in future attempts of regaining custody of her child.
“That no party would be unfairly prejudiced in reopening the above-styled case.”
This motion was not ruled upon within 14 days and, therefore, was denied by operation of law pursuant to Rule 1(B), Ala. R. Juv. P. The mother filed a timely notice of appeal of the juvenile court’s judgment to this court on July 1, 2013.

Discussion

The mother contends that she was deprived of due process when she was not provided with adequate advance notice that the May 29 proceeding would be a permanency and final dispositional hearing. She asserts that the order dated February 20, 2013, notified her only that the May 29 hearing would be a review hearing and a “Compliance/Dispositional” hearing. She argues that the proceedings instead were conducted as a permanency hearing, which resulted in the discharge of any further obligations on the part of DHR[1] and the closing of the case without further review, all without providing her adequate notice and an opportunity to be heard.
Under the circumstances presented in this case, the Alabama Juvenile Justice Act (“the Act”), § 12-15-101 et. seq., Ala. Code 1975, required the juvenile court to hold a permanency hearing within 12 *740 months of the removal of the child from the mother’s home. § 12-15-S15(a), Ala. Code 1975. As part of the permanency-review process under the Act, DHR is required to present a permanency plan to the juvenile court, and the court determines the plan for permanent placement of the child from various options. Id. The court “is required to hold periodic review hearings to ensure that ‘reasonable efforts are being made to finalize the existing permanency plan.’ ” N.J.D. v. Madison Cnty. Dep’t of Human Res., 110 So.3d 387, 393 (Ala.Civ.App.2012) (quoting § 12-15-312(a)(3)).
Neither the February 20, 2013, order nor the subsequent order setting the grandparents’ contempt motion for a hearing provided notice to the mother that the May 29 hearing would be a permanency hearing as opposed to a dispositional hearing. Due process of law should be observed in legal proceedings dealing with “ ‘ “ ‘the welfare of a minor child.’ ” ’ ” N.J.D., 110 So.3d at 391 (quoting Gilmore v. Gilmore, 103 So.3d 833, 835 (Ala.Civ.App.2012), quoting in turn Strain v. Maloy, 83 So.3d 570, 571 (Ala.Civ.App.2011), quoting in turn Danford v. Dupree, 272 Ala. 517, 520, 132 So.2d 734, 735 (1961)). In N.J.D., this court applied a three-factor test set forth in Thorne v. Thorne, 344 So.2d 165, 169 (Ala.Civ.App.1977), to decide in a dependency case whether a parent was deprived of due process in legal proceedings that determined permanent custody of the parent’s children. 110 So.3d at 391-94. We considered “ ‘the nature of the right involved, the nature of the proceeding, and the possible burden on the proceeding.’ ” 110 So.3d at 391 (quoting Thorne, 344 So.2d at 169). We held that the parent had been deprived of due process in the dependency case because the parent’s right to custody of his children was protected by due process; the parent was not provided notice, as required by due process, of the nature of the proceedings; and the burden of providing notice to the parent was minimal.
The mother argues that the holding in N.J.D. is controlling in this case. First, she asserts that the nature of the right involved, as in N.J.D., is a parent’s right to custody of her child and that due process requires adequate advance notice of proceedings that could result in a deprivation of that right. Second, she asserts that the notice of the hearing failed to adequately inform her of the purpose of the proceedings.[2] Both the trial court in N.J.D. and the juvenile court in this case provided notice that a scheduled hearing would be a review hearing,[3] but on the scheduled date the proceedings in both cases were conducted as a permanency hearing. After the hearing, the court in each case entered a judgment that finalized the permanency plan, awarded permanent custody of the affected child or children with a grandparent or grandparents, and closed the case. Moreover, the juvenile court in this case did not take any sworn testimony, and it entered its judgment over the objection of the mother. Finally, with respect to the third consideration of the Thome test, like in N.J.D., providing the mother notification of the purpose for the hearing would have required only minimal effort.
“ ‘ “[D]ue process of law means notice, a hearing according to that notice, *741 and a judgment entered in accordance with such notice and hearing.” ’ ” M.H. v. Jer. W., 51 So.3d 334, 337 (Ala.Civ.App.2010) (quoting Neal v. Neal, 856 So.2d 766, 782 (Ala.2002), quoting in turn Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)) (emphasis omitted). In our review of the record, the facts support the mother’s argument. Neither DHR nor the guardian ad litem refute the mother’s argument that she was not provided with due process in this case. Therefore, we hold that, based on N.J.D., the judgment was entered without providing the mother with due process.

Conclusion

For the reasons discussed above, we reverse the judgment finalizing the permanency plan, closing the case, and permanently awarding custody of the child to the grandparents. We remand the cause for further proceedings consistent with this opinion. Because we are reversing the judgment on another basis, we pretermit discussion of the mother’s contention that, by closing the ease, the juvenile court improperly relieved DHR of its duties.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, THOMAS, and MOORE, JJ., concur.

. Because the judgment of the juvenile court relieved DHR from all further responsibility toward the child and the mother, this case is distinguishable from Ex Parte F.V.O., 145 So.3d 27 (Ala.2013) (noting that the order appealed from in that case did not relieve "DHR of its legal obligation to make reasonable efforts toward [the parent’s] rehabilitation and reunification with the [children] going forward”).

. We note that Rule 13(C), Ala. R. Juv. P., provides, in pertinent part, that, "[e]xcept for detention, shelter-care, and 72-hour hearings, written notice of all hearings ... shall be provided to all parties in the proceedings and shall include the date, time, place, and purpose of the hearings.” (Emphasis added.)

. The juvenile court in the present case also scheduled the hearing to discuss the grandparents' contempt motion based on the mother’s alleged failure to make court-ordered child-support payments.