THOMPSON, Presiding Judge.
A.D.G. (“the mother”) appeals from a judgment of the Jefferson Juvenile Court (“the juvenile court”) that, among other things, relieved the Jefferson County Department of Human Resources (“DHR”) from further supervision of the mother and closed this dependency case by removing the matter from the juvenile court’s docket over the objection of the mother’s attorney. The judgment, entered on March 26, 2014, left in place the juvenile court’s earlier orders finding that the child at issue (“the child”) was dependent and awarding custody of the child to the child’s maternal grandparents, D.O. and C.O. (“the maternal grandparents”).
The mother appeals on procedural grounds. The record indicates that on May 17, 2013, DHR filed a dependency petition alleging that the mother was using illegal drugs. The child was removed from the mother’s home, and custody of the child was awarded to the maternal grandparents, subject to the mother’s visitation, which was to be supervised by the maternal grandparents. Over the course of several months, two dispositional hearings were held during which the juvenile court reviewed the mother’s progress.
After the December 16, 2018, disposi-tional hearing, the juvenile court entered an order that, among other things, set another “compliance/dispositional hearing” for March 24, 2014. The juvenile court’s December 16, 2013, order, which was completed on a standardized form, directed DHR to supervise the mother’s compliance with the terms of the order and to prepare a court report addressing the child’s welfare and the mother’s compliance with the terms of the order and the terms of her Individual Service Plan. The report was to be made available to the juvenile court and the attorneys for the parties, including the child’s guardian ad litem, at least five days before the next scheduled dispositional hearing. We note that the box on the form calling for a “permanency hearing” was not checked.
The March 24, 2014, hearing was held as scheduled. The record on appeal does not contain a transcript of the hearing. On March 26, 2014, the juvenile court entered a standardized-form order stating that a “dispositional hearing” had been held. The box that would indicate that a “permanency hearing” had been held was left blank. In the order, the juvenile court again found that the child was dependent and left the child in the custody of the maternal grandparents. The juvenile court also directed the mother to obtain stable housing and employment, to complete the substance-abuse program in which she was enrolled, to take part in random drug tests, and to complete a parenting-skills class. The juvenile court noted that the mother had recently tested positive for the use of illegal drugs. The *785 juvenile court also ordered the mother to pay $272 a month in child support. It then closed the case to further review, and no other hearing was scheduled.
On April 2, 2014, the mother filed a motion to alter, amend, or vacate the March 26, 2014, order, asserting that the substance of the hearing and the subsequent order leaving custody of the child with the maternal grandparents and removing the case from the juvenile court’s docket indicated that the “dispositional hearing” had actually been conducted as a “permanency hearing.” The mother stated that her right to due process had been violated because she had no notice that the March 24, 2014, hearing was to be a permanency hearing. She also asserted that, because the case was closed to further review, she would be unfairly prejudiced in attempts to regain custody of the child. The mother’s postjudgment motion was apparently denied by operation of law. On April 23, 2014, the mother timely appealed.[1]
On appeal, the mother contends that, because she was not notified that the hearing of March 24, 2014, was to be a permanency hearing, her right to due process was violated. The only notice she says she received indicated that the March 24, 2014, hearing was to be a dispositional hearing. Therefore, the mother says, the juvenile court’s subsequent order relieving DHR of further obligations in the case and closing the case to further review constituted error. Recent opinions of this court have considered this issue in dependency cases and have resolved the matter in favor of the parents of the dependent children. See M.E. v. Jefferson Cnty. Dep’t of Human Res., 148 So.3d 737, 739 (Ala.Civ.App.2014); N.J.D. v. Madison Cnty. Dep’t of Human Res., 110 So.3d 387, 391 (Ala.Civ.App.2012).
In M.E., the mother involved in that case received notice that the next scheduled hearing was to be a dispositional hearing as opposed to a permanency hearing. After the hearing, however, the trial court awarded custody of her minor son to the son’s maternal grandfather and his wife and closed the case to further review. This court wrote:
“Due process of law should be observed in legal proceedings dealing with ‘ “ ‘ “the welfare of a minor child.” ’ ” ’ N.J.D. [ v. Madison Cnty. Dep’t of Human Res.], 110 So.3d [387] at 391 [ (Ala.Civ.App.2012) ] (quoting Gilmore v. Gilmore, 103 So.3d 833, 835 (Ala.Civ.App.2012), quoting in turn Strain v. Malay, 83 So.3d 570, 571 (Ala.Civ.App.2011), quoting in turn Danford v. Dupree, 272 Ala. 517, 520, 132 So.2d 734, 735 (1961)). In N.J.D., this court applied a three-factor test set forth in Thorne v. Thorne, 344 So.2d 165, 169 (Ala.Civ.App.1977), to decide in a dependency case whether a parent was deprived of due process in legal proceedings that determined permanent custody of the pareiit’s children. 110 So.3d at 391-94. We cohsidered ‘ “the nature of the right involved, the nature of the proceeding, and the possible burden on the proceeding.’” 110 So.3d at 391 (quoting Thome, 344 So.2d at 169). We held that the parent had been deprived of due process in the dependency case because the parent’s right to custody of his children was protected by due pro *786 cess; the parent was not provided notice, as required by due process, of the nature of the proceedings; and the burden of providing notice to the parent was minimal.
“The mother argues that the holding in N.J.D. is controlling in this case. First, she asserts that the nature of the right involved, as in N.J.D., is a parent’s right to custody of her child and that due process requires adequate advance notice of proceedings that could result in a deprivation of that right. Second, she asserts that the notice of the hearing failed to adequately inform her of the purpose of the proceedings. Both the trial court in N.J.D. and the juvenile court in this case provided notice that a scheduled hearing would be a review hearing, but on the scheduled date the proceedings in both cases were conducted as a permanency hearing. After the hearing, the court in each case entered a judgment that finalized the permanency plan, awarded permanent custody of the affected child or children with a grandparent or grandparents, and closed the case. Moreover, the juvenile court in this case did not take any sworn testimony, and it entered its judgment over the objection of the mother. Finally, with respect to the third consideration of the Thome test, like in N.J.D., providing the mother notification of the purpose for the hearing would have required only minimal effort.
“ ‘ “ ‘[D]ue process of law means notice, a hearing according to that notice, and a judgment entered in accordance with such notice and hearing.’ ” ’ M.H. v. Jer. W., 51 So.3d 334, 337 (Ala.Civ.App.2010) (quoting Neal v. Neal, 856 So.2d 766, 782 (Ala.2002), quoting in ton Frahn v. Greyling Realization Corp., 239 Ala. 580, 583, 195 So. 758, 761 (1940)) (emphasis omitted). In our review of the record, the facts support the mother’s argument. Neither DHR nor the guardian ad litem refute the mother’s argument that she was not provided with due process in this case. Therefore, we hold that, based on N.J.D., the judgment was entered without providing the mother with due process.”
M.E., 148 So.3d at 741 (footnotes omitted). Further, we note that Rule 13(C), Ala. R. Juv. P., provides, in pertinent part, that, “[ejxcept for detention, shelter-care, and 72-hour hearings, written notice of all hearings ... shall be provided to all parties in the proceedings[ ] and ... shall include the date, time, place, and purpose of the hearings.” (Emphasis added.)
There are no material factual differences between the instant case and M.E. and N.J.D. Moreover, as was the case in M.E., neither DHR nor the maternal grandparents in this case have refuted the mother’s argument that she was deprived of due process. Based on our holdings in M.E. and N.J.D., we conclude that, when the March 24, 2014, hearing proceeded as a permanency hearing and the juvenile court entered its subsequent order directing the maternal grandparents to retain custody of the child and closing the case to further review, the mother’s due-process right was denied.
For the reason set forth above, we reverse the juvenile court’s order of March 26, 2014, and we remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. In her notice of appeal, the mother named DHR as the appellee. This court’s docket sheet indicates that on July 9, 2014, DHR’s counsel notified this court that DHR was not a party to the appeal. The attorney for the mother then named the maternal grandparents as the appellees. Neither DHR nor the maternal grandparents have favored this court with an appellate brief.