THOMPSON, Presiding Judge.
L.W. (“the mother”) appeals from a judgment of the Cullman Juvenile Court (“the juvenile court”) awarding custody of K.K. (“the child”) to P.S.[1] On appeal, the mother argues that the juvenile court’s judgment was entered in violation of her due-process rights because she did not receive notice of the nature of the proceedings and because the juvenile court transferred custody of the child to P.S. without receiving any evidence at a scheduled hearing. See N.J.D. v. Madison Cnty. Dep’t of Human Res., 110 So.3d 387, 392 (Ala.Civ.App.2012) (quoting Thorne v. Thorne, 344 So.2d 165, 169 (Ala.Civ.App.1977)) (holding that, in child-custody proceedings, due process requires notice to a parent that his or her right to custody of his or her child will be considered by the court); and J.W. v. D.W., 835 So.2d 206, 210 (Ala.Civ.App.2002) (holding that Alabama law requires a nonparent to present clear and convincing evidence to overcome a parent’s prima facie right to custody of his or her child).
In a letter brief to this court, the Cull-man County Department of Human Resources (“DHR”) concedes that the mother did not receive notice of the nature of the proceedings and that the juvenile court did not receive any evidence at the hearing; thus, DHR concedes that the judgment was entered in a manner inconsistent with the mother’s due-process rights. Because it is undisputed that the juvenile court entered its judgment in a manner inconsistent with due process, we reverse the judgment and remand the cause to the juvenile court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ., concur.

. P.S. is the paternal grandmother of the child’s half siblings but is not a biological relative of the child.