THOMAS, Judge.
On March 31, 2014, the Cullman County Department of Human Resources (“DHR”) filed a petition in ..the Cullman Juvenile Court seeking to have E.G.D. .(“the. child”) declared dependent. On June 5, 2014, the juvenile court entered a judgment declaring the child dependent. In the June 2014 judgment, the juvenile court awarded “physical placement” of the child to C.M. and ordered that A.D.J.D. (“the mother”) and R.C.D. (“the father”) complete drug treatment. The judgment further indicated that a review hearing would be held in 90 days. A review hearing was held on September .il, 2014; a notation.written on the case-action-summary sheet on September 11, 2014, indicates that the case was to be set for another review hearing in 90 days.
In October 2014 the juvenile court set a hearing to be held on December 11, 2014. At the December 11, 2014, hearing, the juvenile court took no testimony. However, on December. 17, 2014, the juvenile court entered an order finding that the child remained dependent, -awarding legal and physical custody of the child to C.M., and relieving DHR of the duty to provide services to the family. The mother filed a postjudgment motion, which the juvenile court denied. She then filed a timely notice of appeal to this court.
On appeal the mother argues that the juvenile court violated her right to due process by failing to hold an evidentia-ry hearing before awarding custody of the child to C.M. and relieving DHR of the duty to provide services and that the juvenile court’s finding of dependency and resulting award of custody to C.M. is not supported by clear and convincing evidence.[1] DHR has filed a letter brief admitting that the manner in which the juve *361 nile court conducted the proceedings on December 11, 2014, denied the mother due process. Indeed, this case is much like N.J.D. v. Madison County Department of Human Resources, 110 So.3d 387, 390 (Ala.Civ.App.2012), in which a father made a similar due-process argument. As we explained in NJ.D.:
“‘ “[A] parent is entitled to due process in proceedings involving the custody of a child.” Strain v. Maloy, 83 So.3d 570, 571 (Ala.Civ.App.2011). In Strain v. Maloy, supra, this court explained:
“ ‘ “ ‘In dealing with such a. delicate and difficult question — -the welfare of a minor child — due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard,before a court of competent jurisdiction.’
“‘“Danford [v. Dupree ], 272 Ala. [517,] 520, 132 So.2d [734,] 735-36 [ (1961) ]. As this court has further explained:
“““[Procedural due process’ contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; 'a reasonable opportunity to controvert the opposition’s claims; and representation by counsel if it is desired.’
‘““Crews v. Houston Cnty. Dep’t of Pensions & Sec., 358 So.2d 451, 455 (Ala.Civ.App.1978) (emphasis added).”
‘“83 So.3d at 571.’”
N.J.D., 110 So.3d at 390-91 (quoting Gilmore v. Gilmore, 103 So.3d 833, 835 (Ala.Civ.App.2012)).
This court has long adhered to the principle that, in cases involving the custody of a child, “[a] parent must have notice of the. issues the court will decide in order to adduce evidence on those issues before the court, to give the court a basis from which a determination most beneficial to the child .can be made.” Thorne v. Thorne, 344 So.2d 165, 170 (Ala.Civ.App.1977). DHR concedes that the mother was not informed that the December 11,. 2014, hearing was a permanency hearing; the record reflects that the mother did not appear at that hearing and that no party presented evidence at that hearing regarding the child’s dependency, the suitability of C.M. for Custody, or the propriety of terminating DHR’s services to the family. The December 17, 2014, judgment is devoid of evidentiary support and was entered in a manner inconsistent with the mother’s right to due process. Accordingly, we reverse the judgment and remand the cause for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.

. In her brief to this court, the mother argues that the juvenile court’s award of custody to C.M., a third party, was pot supported by clear and convincing evidence as required by Ex parte Terry, 494 So.2d 628, 632 (Ala.1986). We note that this is an appeal from a dependency case and that Ex parte Terry has no application in. a dependency case. See J.W. v. T.D., 58 So.3d 782, 788 (Ala.Civ.App.2010). A juvenile court may award custody of a dependent child to a third party found to be “qualified to receive and care for the child” pursuant to Ala.Code 1975, § 12 — 15— 314(a)(3)c., and the juvenile court is required to use the best-interest standard in the dispo-sitional phase of a dependency proceeding. See S.T.S. v. C.T., 746 So.2d 1017, 1020 (Ala.Civ.App.1999). However, the mother also states in her argument that the juvenile court lacked clear and convincing evidence to support a conclusion that the child was dependent. See Ala.Code 1975, § 12-15-311(a) (requiring clear and convincing evidence to establish that a child is dependent). We therefore construe the mother's argument that the juvenile court lacked clear and convincing evidence to award C.M. custody under Ex parte Terry as an argument that the juvenile court lacked clear and convincing evidence to find the child dependent.