THOMAS, Judge.
C.M.A. (“the mother”) timely appeals from three judgments of the Cullman Juvenile Court awarding custody of K.B. (appeal no. 2140538), H.B. (appeal no. 2140539), and E.A. (appeal no. 2140540) to third parties. On April 7, 2015, this court consolidated the appeals ex mero motu.
The mother correctly argues that the juvenile court violated her due-process rights by entering judgments transferring custody of K.B., H.B., and E.A. without receiving any evidence at a scheduled hearing. See N.J.D. v. Madison Cnty. Dep’t of Human Res., 110 So.3d 387, 390-91 (Ala.Civ.App.2012) (explaining that a parent is entitled to due process in proceedings involving custody of a child); see also A.D.J.D. v. Cullman Cnty. Dep’t of Human Res., 181 So.3d 359, 361 (Ala.Civ.App.2015). In a letter brief to this court, the Cullman County Department of Human Resources concedes that the juvenile court did not receive any evidence at the hearing; therefore, it further concedes, the judgment? were entered in a manner inconsistent with the mother’s due-process rights. See L.W. v. Cullman Cnty. Dep’t of Human Res., 181 So.3d 1070, 1071 (Ala.Civ.App.2015). Because it is undisputed that the juvenile court entered its judgments in a manner inconsistent with due process,- we reverse the judgments and remand the causes to the juvenile court for further proceedings- consistent with this opinion.
2140538 — REVERSED AND REMANDED.
2140539 — REVERSED AND REMANDED.
2140540 — REVERSED AND REMANDED.
THOMPSON, P.J., and PITTMAN, MOORE, and DONALDSON, JJ., concur.