THOMAS, Judge.
In September 2017, the Chilton County Department of Human Resources ("DHR") filed a petition in the Chilton Juvenile Court ("the juvenile court") seeking to have R.E.R. ("the child") declared dependent. The juvenile court held a shelter-care hearing and, on September 8, 2017, entered a shelter-care order. The juvenile court then set the matter for an adjudicatory hearing, which, after requested continuances were granted, was held on December 7, 2017. In November 2017, R.R. ("the father") and P.W.R. ("the stepmother") moved the juvenile court to "compel" DHR to require the attendance of the child at family counseling in lieu of visitation.
The juvenile court took no testimony and received no documentary evidence at the adjudicatory hearing. On December 12, 2017, the juvenile court entered a judgment declaring the child dependent. The father and the stepmother filed a timely postjudgment motion in which, among other things, they specifically objected to the juvenile court's finding the child dependent without having taken evidence. After that motion was denied, the father and the stepmother filed a timely notice of appeal. On appeal, they present two issues: whether the juvenile court erred in finding the child dependent without having taken any evidence and whether the juvenile court erred by failing to allow them to have visitation with the child based on the child's objection to such visitation.
In its brief on appeal, DHR concedes that the manner in which the juvenile court conducted the proceedings on December 7, 2017, denied the father and the stepmother their rights to due process and that the dependency adjudication must be reversed. As we explained in N.J.D. v. Madison County Department of Human Resources, 110 So.3d 387, 390-91 (Ala. Civ. App. 2012) :
" ' "[A] parent is entitled to due process in proceedings involving the custody of a child." Strain v. Maloy, 83 So.3d 570, 571 (Ala. Civ. App. 2011). In Strain v. Maloy, supra, this court explained:
" ' " 'In dealing with such a delicate and difficult question -- the welfare of a minor child -- due process of law in legal proceedings should be observed. These settled courses of procedure, as established by our law, include due notice, a hearing or opportunity to be heard before a court of competent jurisdiction.'
" ' "
*1116 Danford [v. Dupree ], 272 Ala. [517,] 520, 132 So.2d [734,] 735-36 [ (1961) ]. As this court has further explained:
" ' " '[P]rocedural due process contemplates the basic requirements of a fair proceeding including an impartial hearing before a legally constituted court; an opportunity to present evidence and arguments; information regarding the claims of the opposing party; a reasonable opportunity to controvert the opposition's claims; and representation by counsel if it is desired.'
" ' " Crews v. Houston Cnty. Dep't of Pensions & Sec., 358 So.2d 451, 455 (Ala. Civ. App. 1978) (emphasis added)."
" ' 83 So. 3d at 571.' "
N.J.D., 110 So.3d at 390-91 (quoting Gilmore v. Gilmore, 103 So.3d 833, 835 (Ala. Civ. App. 2012) ); see also C.M.A. v. Cullman Cty. Dep't of Human Res., 185 So.3d 1111 (Ala. Civ. App. 2015). Thus, based on the record and on DHR's concession, we conclude that the December 12, 2017, judgment, insofar as it determined that the child was dependent, is devoid of evidentiary support and was entered in a manner inconsistent with the father's and the stepmother's right to due process.
However, DHR does not concede error regarding the juvenile court's refusal to enter an order requiring the child to visit with the father and the stepmother. Instead, DHR asserts that the juvenile court can make any award pertaining to visitation so long as that award is in the best interest of the child, and it contends that certain "evidence" supports the conclusion that visitation is not currently in the best interest of the child. However, because the juvenile court took no evidence, there is no evidentiary support for either a judgment ordering specific visitation or one declining to order visitation. The juvenile court may consider the visitation issue anew when it holds an evidentiary hearing.
Based on the foregoing, the judgment of the juvenile court is reversed, and the cause is remanded for proceedings consistent with this opinion.
In light of the resolution of this appeal, the father's motion to strike certain portions of the record is denied as moot.
REVERSED AND REMANDED.
Thompson, P.J., and Pittman, Moore, and Donaldson, JJ., concur.