ORDER

Jennifer Watters filed this petition for a writ of mandamus requesting that this Court direct Judge Tommy Nail to conduct an evidentiary hearing and to declare that Watters is immune from prosecution because, she says, she acted in self-defense. In February 2015, Jennifer Watters was charged with assault in the second degree. On June 7, 2015, Watters moved that Judge Nail hold a pretrial evidentiary hearing on the issue of her immunity from prosecution and that he dismiss the charges against her. On June 9, 2015, Judge Nail denied in part and granted in part Watters’s motion. Judge Nail’s order stated: “Defendant’s motion to dismiss and request for evidentiary hearing filed by Attorney Brannon Jordan is hereby granted in part. In that the motion to dismiss is denied, the request for an evi-dentiary hearing is granted and the evi-dentiary hearing is set on July 14, 2015, at 9:00 a.m.” On July 14, 2015, Judge Nail issued another order stating that the motion would be heard at trial. Watters states that Judge Nail erroneously found that before § 13A-3-23(d), Ala.Code 1975, applied to mandate a pretrial determination on the issue of immunity, the facts of the case must be undisputed. Watters then filed this petition for a writ of mandamus. Watters’s case was scheduled for trial on July 27, 2015. This Court stayed those proceedings in the circuit court until this petition was decided.
Section 13A-3-23(d), Ala.Code 1975, added effective June 1, 2006, provides: “A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of *1089 such force, unless the force was determined to be unlawful.” Citing numerous other jurisdictions, Watters argues that she is entitled to a pretrial evidentiary hearing on the application of § 13A-3-23(d), Ala.Code 1975, and that this Court should adopt a procedure similar to Florida, Georgia, Colorado, and South Carolina, by allowing a defendant the opportunity, before trial, to prove by a “preponderance of the evidence” that he or she is immune from prosecution.
There are no Alabama cases interpreting the application and scope of § 13A-3-23(d), Ala.Code 1975, to criminal charges. To be entitled to the issuance of a writ of mandamus, the petitioner must establish a clear legal right to the relief sought. See Ex parte Jones, 61 So.3d 1104 (Ala.Crim. App.2010). “ ‘Mandamus is a conservative, not a creative, remedy; it enforces existing duties, but does not impose new duties.’ ” Henry v. State, 16 Ala.App. 670, 671, 81 So. 190, 191 (1919), quoting State ex rel. Brickman v. Wilson, 123 Ala. 259, 281, 26 So. 482, 487 (1899). Watters has failed to meet her heavy burden of establishing a clear legal right to the issuance of a writ of mandamus. Accordingly, this petition is DENIED.
WINDOM, P.J., and WELCH and KELLUM, JJ., concur.
BURKE and JOINER, JJ., dissent.