SHAW, Justice.
Jennifer Watters petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to' stay proceedings in Watters’s criminal trial and to conduct a pretrial evidentiary hearing to consider whether she is immune from criminal prosecution on the ground of self-defense under the then existing version of § 13A-3-23(d), Ala. Code 1975 (“A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.”).[1] We grant the petition and issue the writ.
*1095 Facts and Procedural History
As stated by the Court of Criminal Appeals in its order denying Watters’s petition for a writ of mandamus, the pertinent facts are as follows:
“In February 2015,'... ■ Watters was charged with assault in the second degree. On June 7, 2015, Watters moved that [the trial court] hold á pretrial evi-dentiary hearing on the issue of her immunity from prosecution and that [it] dismiss the charges against her. On June 9, 2015, [the trial court] denied in part and granted in part Watters’s motion. [The trial court’s] order stated: ‘[Watters’s] motion to dismiss and request for evidentiary hearing ... is hereby granted in part. In that the motion to dismiss is denied, the request for an evidentiary hearing is granted and the evidentiary hearing is set on July 14, 2015, at 9:00 a.m.’ On July 14, 2015, [the trial court] issued another order stating that the motion would be heard at trial.”
Ex parte Watters, 220 So.3d 1088, 1088 (Ala. Crim. App. 2015) (emphasis added).
In response to the trial court’s actions, Watters filed a petition for a writ of mandamus with the Alabama Court of Criminal Appeals, seeking a writ directing the trial court to conduct a pretrial hearing on her immunity defense. A majority of that court, noting that “[t]here are no Alabama cases interpreting the application and scope of § 13A-3-23(d), Ala. Code 1975, to criminal charges,” denied Watters’s request for relief. Ex parte Watters, 220 So.3d at 1089.
Watters then filed in this Court another petition for a writ of mandamus. See Rule 21(e), Ala. R. App. P. We ordered an answer and briefs.
Standard of Review
“ ‘Our review of a decision of the Court' of Criminal Appeals on an original petition for a writ of mandamus is de novo. Rule 21(e)(1), Ala. R. App. P.; Ex parte Sharp, 893 So.2d 571, 573 (Ala. 2003). The standard for issuance of a writ of mandamus is well settled:
“‘“A writ of mandamus is an extraordinary remedy, and is appropriate when the petitioner can show (1) a clear legal right to the order sought; (2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so;- (3) the lack of another adequate remedy; and (4) the properly invoked jurisdiction of the court.”
“ ‘Ex parte BOC Group, Inc., 823 So.2d 1270, 1272 (Ala. 2001) (citing Ex parte Inverness Constr. Co., 775 So.2d 153, 156 (Ala. 2000)).’
“Ex parte McCormick, 932 So.2d 124, 127-28 (Ala. 2005).”
State v. Jones, 13 So.3d 915, 919 (Ala. 2008).
Discussion •-
Watters; in her petition to this Court, argues that, before being required to stand trial, she is entitled to a pretrial evidentiary hearing on whether she is entitled to immunity under § 13A-3-23(d). More specifically, citing this Court’s decision in Ex parte Auburn University, 6 So.3d 478, 483-84 (Ala. 2008), which held that the trial court erred by postponing a determination of the defendants’ entitlement to sovereign immunity and State-agent immunity for consideration “at trial rather than addressing them at the summary-judgment stage of the litigation,” Watters contends that “immunity questions should be resolved as early as possible.”
*1096 The State, in its answer, concedes that, although § 13A-3-23 creates an immunity defense, Watters is unable to demonstrate a clear legal right to the requested relief because, it says, the Code section includes no procedure requiring a pretrial hearing. Thus, according to the State, the trial court’s order stating its intent to consider Watters’s immunity defense “in due course” is sufficient and Watters’s petition is due to be denied. We cannot agree.
Both the State and Watters acknowledge in their pleadings to this Court that the Court of Criminal Appeals, subsequent to the issuance of its order in this case, has issued opinions relevant to the issue before us. See Malone v. State, 203 So.3d 126, 131 (Ala. Crim. App. 2016) (holding that the defendant was entitled to a pretrial evidentiary hearing on his claim of immunity based on self-defense); Harrison v. State, 203 So.3d 126, 131 (Ala. Crim. App. 2015) (holding “that a defendant asserting immunity based on self-defense under § 13A-3-23(d), Ala. Code 1976, is entitled to an opportunity to prove that claim by a preponderance of the evidence at a pretrial hearing before the court”). In Harrison, the Court of Criminal Appeals observed:
“Section § 13A-3-23(d) provides: ‘A person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful.’ (Emphasis added.) The legislature added subsection (d) to Alabama’s self-defense statute as a part of the 2006 amendment to § 13A-3-23, Ala. Code 1976. See Act No. 2006-303, Ala. Acts 2006. The legislature did not, however, define the phrase ‘immune from criminal prosecution’ or provide a specific procedure for determining immunity. Additionally, the legislature did not specify who would determine whether the defendant’s conduct was unlawful.
“In its response to Harrison’s motion for immunity from prosecution, the State argued that a pretrial hearing for a determination of immunity was improper because, it said, § 13-3-23(d) does not specifically provide for such a hearing. The State also argued that the determination of immunity was a jury question that should be decided at trial,
“Although the legislature did not define the phrase ‘immune from criminal prosecution’ in the context of a self-defense claim, the Alabama Supreme Court in Ex parte Auburn University, 6 So.3d 478 (Ala. 2008), in addressing a petitioner’s claim that the trial court had ‘erred in choosing to address their sovereign-immunity defenses at trial rather than addressing them at the summary-judgment stage of the litigation,’ discussed the purpose of immunity and how it differs from an affirmative defense. The Court stated:
“ ‘ “ ‘One of the purposes of immunity, absolute or qualified, is to spare a defendant not only unwarranted liability, but unwarranted demands customarily imposed upon those defending a long drawn out lawsuit.’ ” Ryan v. Hayes, 831 So.2d 21, 31 (Ala. 2002) (quoting Siegert v. Gilley, 500 U.S. 226, 232, 111 S.Ct. 1789, 114 L.Ed.2d 277 (1991)). Additionally, this Court has stated:
“ ‘ “ ‘Where the defendant seeks qualified immunity, a ruling on that issue should be made early in the proceedings so that the costs and expenses of trial are avoided where the defense is dispositive. Qualified immunity is “an entitlement not to stand trial or face the other burdens of litigation.” Mitchell v. For- *1097 syth, 472 U.S. 511, 526, 105 S.Ct. 2806, 86 L.Ed.2d 411 (1985). The privilege is “an immunity from suit rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial.” Ibid. As a result, “we repeatedly have stressed the importance of resolving immunity questions at the earliest possible stage in litigation.” Hunter v. Bryant, 502 U.S. 224, 227, 112 S.Ct. 584, 116 L.Ed.2d 589 (1991) (per curiam).’ ”
“ ‘Ryan, 881 So.2d at 31-32 (quoting Saucier v. Katz, 533 U.S. 194, 199-202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)).
“ ‘The trial court reasoned that because the parties had waived the right to a jury trial in this case, in favor of a bench trial, a “great deal of costs and expense” associated with a jury trial would be alleviated. However, by delaying until trial its determination of the sovereign-immunity defenses asserted by the petitioners, the trial court has effectively denied the petitioners their privilege of not being subjected to suit and their right to not stand trial and face the burdens of litigation should their immunity defenses prove dispositive. Ryan, supra. Accordingly, we conclude that the trial court erred in failing to address the sovereign-immunity defenses at the summary-judgment stage of the litigation.’
“6 So.3d at 484 (emphasis added).
“When interpreting the language of a statute, this Court is guided by the well settled principles laid out by the Alabama Supreme Court:
“ ‘The cardinal rule of statutory interpretation is to determine and give effect to the intent of the legislature as manifested in the language of the statute. Gholston v. State, 620 So.2d 719 (Ala. 1993). Absent a clearly expressed legislative intent to the contrary, the language of the statute is conclusive. Words must be given their natural, ordinary, commonly understood meaning, and where plain language is used, the court is bound to interpret that language to mean exactly what it says. IMED Corp. v. Systems Engineering Associates Corp., 602 So.2d 344 (Ala. 1992).’
“Ex parte State Dep’t of Revenue, 683 So.2d 980, 983 (Ala. 1996).
“ ‘Immune’ is defined as ‘[hjaving immunity; exempt from a duty or liability.’ Black’s Law Dictionary (10th ed. 2014). ‘Criminal prosecution’ is defined as ‘[a] criminal proceeding in which an accused person is tried.’ Id. Thus, by using the phrase ‘immune from criminal prosecution,’ in § 13A-3-23(d), the legislature intended to exempt from trial an accused who uses force as justified in § 13A-3-23, unless the accused’s conduct is ‘determined to be unlawful.’ When read together, those phrases lead to the conclusion that a determination must be made, prior to the commencement of trial, as to whether a defendant’s conduct was justified or whether it was unlawful. The only available mechanism for such a determination is a pretrial hearing.
“Submitting the question of immunity to a jury, as the State suggested, would render a defendant’s right to immunity illusory. As noted in Ex parte Auburn University, supra, the right to immunity ‘is effectively lost if a case is erroneously permitted to go to trial.’ Additionally, Alabama law has always allowed a defendant to argue self-defense at trial. Thus, treating the right to immunity under § 13A-3-23(d) as an affirmative *1098 defense would make that subsection redundant. We must presume that the legislature did not, in enacting § 13A-3-23(d), create a meaningless provision. See Ex parte Wilson, 854 So.2d 1106, 1110 (Ala. 2002), quoting Ex parte Welch, 519 So.2d 517, 519 (Ala. 1987)C “A statute should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error.” ’)•”
Harrison, 203 So.3d at 130. See also Ex parte Watters, 220 So.3d at 1089-90 (Joiner, J., dissenting).
We find this reasoning persuasive and adopt it as our own. We further note, as the Court of Criminal Appeals also pointed out in Harrison, that the above-quoted holding and resulting procedure appear consistent with that adopted in a majority of other jurisdictions with comparable statutory provisions.[2] See id.
The facts before us indicate that Wat-ters’s motion to dismiss on the basis of immunity was initially denied by the trial court but that the trial court also scheduled an evidentiary hearing on her motion for July 14, 2015. Watters alleges that at that hearing she stood ready and willing with witnesses — to argue her immunity claim but that the trial court ordered that her claim be determined “at trial.”[3] The State contends, however, that the trial court simply continued the hearing until the date set for trial.[4] ■
A trial court has the authority to manage and control its docket. See Eastern Dredging & Constr., Inc. v. Parliament House, L.L.C., 698 So.2d 102, 104 (Ala. 1997); C.E. v. M.G., 169 So.3d 1061, 1068 (Ala. Civ. App. 2015); and Smith v. State, 961 So.2d 916, 928 (Ala. Crim. App. 2006). However, § 13A-3-23(d) provides for im *1099 munity from the process of “criminal prosecution,” and, as explained in Auburn University, the general purpose of immunity is not just to prevent one from having the burden to “stand trial,” but also to prevent one from having the burden of “being subjected to suit” and of litigation in the first place. In light of this, a proceeding .to test a defendant’s entitlement to immunity should occur as soon as practicable, with due regard to the trial court’s authority to manage its docket and both sides’ ability to prepare for the proceeding.
In the instant case, nothing before us supports the trial court’s decision to refuse to hear Watters’s motion at the July 14 hearing and nothing supports, contrary to the principles discussed in Auburn University, supra, a decision to delay a ruling until the day of trial. We thus conclude that Watters has demonstrated a clear legal right to the requested relief. Although we offer no opinion as to the factual merit of Watters’s immunity claim, we nonetheless hold that she is entitled to attempt to prove its application before she is required to stand trial. We therefore grant the petition and issue the writ directing the trial court to conduct a pretrial evidentiary hearing considering whether Watters is immune from criminal prosecution on the ground of self-defense.
PETITION GRANTED; WRIT ISSUED.
Stuart, Parker, Wise, and Bryan, JJ., concur.

. Section 13A-3-23, Ala. Code 1975, as subsequently explained, has recently been amended. See note 2, infra.

.We also note that recently — and subsequent to the release of the decisions cited- above— the Alabama Legislature amended § 13A-3-23(d) to specifically provide for a pretrial hearing on the issue of self-defense immunity. See § 13A-3-23(d)(2), Ala. Code 1975. Specifi-cally, the Code section, as amended effective August 1, 2016, see Act No. 2016-420, Ala. Acts 2016, now provides, in pertinent part:
"(2) Prior to the commencement of a trial in a case in which a defense is claimed under this section, the court having jurisdiction over the case, upon motion of the defendant, shall conduct a pretrial hearing to determine whether force, including deadly force, used by the defendant was justified or whether it was unlawful under this, section. During any pretrial hearing to determine immunity, the defendant must show by a preponderance of the' evidence that he or she is immune from criminal prosecution.
"(3) If, after a pretrial hearing under subdivision (2), the court concludes that the defendant has' proven by a preponderance of the evidence that force, including deadly force, was justified, the court shall enter an order finding the defendant immune from criminal prosecution and dismissing the criminal charges.
"(4) If the defendant does not meet his or her burden of proving immunity at the pretrial hearing, he or she may continue to pursue the defense of self-defense or defense of another person at trial.... ”
(Emphasis added.)

. Watters further asserts that the trial court indicated that her claim that she acted in self-defense should be heard by the jury. However, no transcript of the hearing was provided to this Court, and there are no facts before us to substantiate these assertions. See Rule 21(a)(1)(E), Ala. R. App. P. (providing that a petition for a writ of mandamus shall contain any parts of the record "that would be essential to an understanding of the matters set forth in the petition”).

. Watters contends that the State had, before the July 14 hearing, requested a continuance from the trial' court. However, nothing in the materials before us substantiates that assertion. See note 3, supra.