JOINER, Judge.
Larry Joe Martin was convicted of second-degree assault, see § 13A-6-21, Aa. Code 1975, and was sentenced to 10 years’ imprisonment; that sentence was split for Martin to serve 6 months’ detention in the Huntsville-Madison County Metro Jail followed by 3 years’ supervised probation. The circuit court ordered Martin to pay a $2,500 fine, a $175 bail-bond fee, a $100 *407 crime-victims-compensation assessment, court costs, and attorney’s fees.
The. case-action-summary sheet included in the record indicates that Martin was arrested on August 10, 2013, that he was formally indicted on August 29, 2014, and that his trial was set for March 7, 2016. Beginning as early as August 20, 2015, Martin made several motions in this case—specifically: (1) a written motion in limine and objection to the State’s notice of intent to introduce evidence of Martin’s prior convictions and other prior bad acts; (2) two -written motions to suppress certain evidence; (3) an oral motion requesting a mental-health examination; (4) and, on March 4, 2016, a motion asserting the affirmative defense of self-defense. On the morning of March 7, 2016, the State filed a motion for discovery and its certification of compliance with Rule 16.1, Ala. R. Crim. P. In response, Martin filed a motion requesting, for the first time, a pretrial immunity hearing as provided for in Harrison v. State, 203 So.3d 126 (Ala. Crim. App. 2016).
The circuit court addressed Martin’s motion for an immunity hearing immediately before trial commenced. In support of his motion, Martin argued: “For good cause, I would show that I just received information that relates to self-defense.” In response, the State argued: (1) that the motion—filed 23 minutes before voir dire was scheduled to commence—was untimely and (2) that it had not received the necessary notice to prepare for a pretrial immunity hearing. The circuit court denied the motion and arraigned Martin. Before calling in the venire and commencing with voir dire, the circuit court stated:
“This case was called for trial this morning. At about between 11:00 and 11:15 I notified the lawyers that since I had additional pleas to take, that I would not be able to start the trial this morning, come back today at 1:00 and be ready to strike a jury and begin their trial. Apparently over the lunch break defense counsel filed a motion, pursuant to the self-defense statute, asking for an evidentiary hearing as to the issue of immunity. I am familiar with the Harrison v. State case, and based on the fact—of .course, defense counsel, and even the defendant, isn’t admitted to inject or create error in a process. Based on the fact that we have a jury standing outside ready to go, the request for an evidentiary hearing has been denied.
“Part of my job is to ensure that we have fair play and that both sides have a fair opportunity to present their side and also to administer 'the effective and efficient operation of the court. So in the future, if you have something like that, file it a little earlier.”
(R. 9-10.) Martin objected to the circuit court’s ruling.
Martin was ultimately convicted of second-degree assault. Following his conviction and sentencing, Martin filed a motion for a new trial arguing, among other issues, that the circuit court had improperly denied his motion for a pretrial immunity hearing. The circuit court denied his new-trial motion.
On appeal, Martin contends only that the circuit court -erred when it denied as untimely his request for a pretrial immunity hearing.
Rule 15.3, Ala. R. Crim. P., provides:
“(a) Pre-Trial Motions. A motion under Rule 15.2 must be made:
“(1) In circuit court, at or before arraignment or by such later date as may be set by the court;
[[Image here]]
“(b) Extension or Limitation of Time. For good cause shown,' the court *408 may extend or limit the time of filing such motions.”
Therefore, a circuit court’s decision to deny a motion made under Rule 15.2, Ala. R. Crim. P., as untimely is due to be evaluated ' under an abuse-of-discretion standard' of review;[1] “ ‘A trial court abuses its' discretion only when its decision is based'on an erroneous conclusion of law or where the record contains no evidence on which -it rationally could have based its decision.’ ” McCain v. State, 33 So.3d 642, 647 (Ala. Crim. App. 2009)(quoting Holden v. State, 820 So.2d 158, 160 (Ala. Crim. App. 2001)).
The Alabama Supreme Court has stated:
“A trial court-has the authority to manage and control its docket. See Eastern Dredging & Constr., Inc. v. Parliament House, L.L.C., 698 So.2d 102, 104 (Ala. 1997); C.E. v. M.G., 169 So.3d 1061, 1068 (Ala. Civ. App. 2015); and Smith v. State, 961 So.2d 916, 928 (Ala. Crim. App. 2006). However, § 13A-3-23(d)[, Ala. Code 1975,] provides for immunity from the process of ‘criminal prosecution,’ and, as explained in [Ex parte] Auburn University, [6 So.3d 478 (Ala. 2008),] the general purpose of immunity is not just to prevent one from having the burden to ‘stand trial,’ but also to prevent one from having the burden of ‘being subjected to suit’ and of litigation in the first place. In light of this, a proceeding to test a defendant’s entitlement to immunity should occur as soon as practicable, with due regard to the trial court’s authority to manage its docket and both sides’ ability to prepare for the proceeding.”
Ex parte Watters, 220 So.3d 1093, 1099 (Ala. 2016).
As noted above, although Martin filed several motions well in advance of trial and specifically asserted the defense of self-defense in a motion filed three days before his trial was scheduled to commence, he did not request a pretrial immunity hearing until 23 minutes before his trial was to begin. Aside from a general assertion from Martin’s defense counsel that she had recently “received information that relates to self-defense,” Martin did not communicate to the circuit court or otherwise preserve for the record his reasoning for' waiting until only 23 minutes before trial to request a pretrial immunity hearing. The record before us simply does not give any indicátion as to why Martin could not have made an earlier request for a pretrial hearing, especially in light of the fact that he had already filed a motion asserting his claim that he was acting in self-defense. Moreover, the State was prepared to commence with voir dire, and the venire was “standing outside ready to go” at the time Martin requested the hearing. Martin has not shown that his request was made as soon as practicable, and, in fact, it appears that holding such a hearing at the time Martin requested it would clearly have interfered with the circuit court’s ability to manage its docket and would have done little, if anything, to advance the purposes of immunity discussed in Watters, supra. Whether there could ever be circumstances that would justify such a late request for a pretrial immunity hearing is not before us. Under the particular circumstances of this case, however, the *409 circuit court -did not abuse its discretion when it . denied Martin’s motion as being untimely, and Martin is : not entitled to relief.
Based on the foregoing, the judgment of the circuit court is affirmed.
AFFIRMED.
Welch, Kellum, and Burke, JJ,, concur.
Windom, P.J., concurs in the result.

. In Harrison, supra, this Cbiirt cited Rule 15.4, Ala. R. Crim. P.—which provides the procedure for pretrial hearings on motions made pursuant to Rule 15.2(a)~-as providing a mechanism for holding a pretrial hearing when a defendant who claims immunity from Criminal prosecution requests a pretrial evi-dentiary hearing on that matter. Therefore, it necessarily follows that a motion requesting a pretrial immunity hearing is a motion made pursuant to Rule 15.2; Ala. R. Crim. P,