Rel: November 17, 2023

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**.  Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is printed in **Southern Reporter**.

# SUPREME COURT OF ALABAMA

## OCTOBER TERM, 2023-2024

_____

## SC-2023-0043

_____

## Ex parte Dalton Teal

## PETITION FOR WRIT OF MANDAMUS

## (In re: Paul Thomas

## v.

## Black Mark 2, LLC, d/b/a Black Market Bar & Grill; Dalton Lee Teal; George Cowgill; and Elise Yarbrough)

## (Jefferson Circuit Court: CV-13-902154)

BRYAN, Justice.

Dalton Teal petitions this Court for a writ of mandamus directing the Jefferson Circuit Court to conduct a pretrial evidentiary hearing to determine whether, under § 13A-3-23(d), Ala. Code 1975, he is immune from suit on the ground of self-defense. We grant the petition and issue the writ.

Teal shot Paul Thomas with a pistol during an altercation outside a bar in Birmingham. Thomas subsequently sued Teal and other defendants; as to Teal, Thomas alleged claims of assault and battery, negligence, and wantonness. Teal answered and asserted various defenses, including self-defense and the related defense of statutory immunity provided in § 13A-3-23. Thomas moved for a partial summary judgment, asking the circuit court to strike Teal's defenses premised on a theory of self-defense, and the circuit court entered a partial summary judgment striking those defenses. Teal then petitioned this Court for a writ of mandamus, arguing that the circuit court had erred in striking those defenses. In Ex parte Teal, 336 So. 3d 165 (Ala. 2021), this Court granted the mandamus petition and issued the writ, concluding "that Teal presented substantial evidence demonstrating the existence of genuine issues of material fact regarding whether he was entitled to

2

assert the affirmative defense of self-defense to Thomas's tort claims and whether he was entitled to statutory immunity under § 13A-3-23(d)(1)." 336 So. 3d at 172. Accordingly, this Court directed the circuit court to vacate its partial summary judgment insofar as it struck Teal's defenses premised on a theory of self-defense.

Following our decision in Ex parte Teal, Teal moved the circuit court for a pretrial evidentiary hearing to consider whether, under § 13A-3-23(d), he is immune from suit on the ground of self-defense. Section 13A-3-23(d)(1) provides that "[a] person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such force, unless the force was determined to be unlawful." Section 13A-3-23(d)(2) provides, in relevant part:

> "Prior to the commencement of a trial in a case in which a defense is claimed under this section, the court having jurisdiction over the case, upon motion of the defendant, shall conduct a pretrial hearing to determine whether force, including deadly force, used by the defendant was justified or whether it was unlawful under this section."

The circuit court denied Teal's motion for a pretrial immunity hearing. In its order denying the motion, the circuit court determined that this Court, in Ex parte Teal, had concluded that the issue whether Teal is

3

immune under § 13A-3-23(d) should be decided by a jury at trial -- not by the circuit court in a pretrial hearing. Teal challenged the circuit court's order by filing a mandamus petition with the Court of Civil Appeals, which transferred the petition to this Court based on a lack of appellate jurisdiction.

> "A writ of mandamus is an extraordinary remedy, and it will be 'issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court.' Ex parte United Serv. Stations, Inc., 628 So. 2d 501, 503 (Ala. 1993)."

Ex parte Empire Fire & Marine Ins. Co., 720 So. 2d 893, 894 (Ala. 1998). The circuit court's order denying Teal's request for a pretrial immunity hearing effectively denied Teal's claim of statutory immunity under § 13A-3-23(d). "It is well settled that a petition for a writ of mandamus is the proper means to challenge a circuit court's denial of a defendant's claim to pretrial immunity under § 13A-3-23(d)." Ex parte Johnson, [Ms. CR-21-0117, Mar. 24, 2023] ___ So. 3d ___, ___ (Ala. Crim. App. 2023).

Teal argues that the circuit court erred by denying his motion for a pretrial evidentiary hearing under § 13A-3-23(d)(2) to determine whether he is immune from suit on the ground of self-defense. The circuit court

4

denied Teal's request based on that court's determination that this Court, in Ex parte Teal, had concluded that the issue whether Teal is immune under § 13A-3-23(d) should be decided by a jury at trial instead of by the circuit court in a pretrial hearing. However, this Court in Ex parte Teal did not conclude that Teal's statutory-immunity defense must be decided by a jury, and Teal is clearly entitled to a pretrial evidentiary hearing under § 13A-3-23(d)(2).

The issue in Ex parte Teal was narrow; we addressed whether the circuit court had erred by entering a partial summary judgment striking Teal's defense of self-defense and his related defense of statutory immunity provided in § 13A-3-23. More specifically, we addressed whether there was substantial evidence demonstrating the existence of a genuine issue of material fact regarding whether Teal was entitled to assert the struck defenses. We concluded that such substantial evidence existed, and we therefore issued the writ directing the circuit court to vacate the partial summary judgment to the extent that it had struck the disputed defenses. 336 So. 3d at 172. However, we did not decide any issue beyond that narrow one.

The circuit court's decision to deny Teal's request for a pretrial immunity hearing stems from this Court's use of the term "jury" in Ex parte Teal. In our decision, we began the analysis by summarizing Teal's argument:

> "In his petition, Teal argues that he presented substantial evidence indicating that he acted in legally justified self-defense, as defined by § 13A-3-23, and that he was entitled to have a jury, rather than the trial court on a motion for a partial summary judgment, determine the issue. Teal further contends, based on his purported showing of self-defense, that he is also entitled to have the jury determine whether he is statutorily immune from the civil judgment Thomas seeks. As to both arguments, we agree."

336 So. 3d at 168. Later in our analysis, we stated, in a footnote: "We express no opinion on the potential merit of Teal's affirmative defenses premised on a theory of self-defense; instead, we simply hold that Teal is entitled, under the present facts, to present those defenses to the jury for consideration." 336 So. 3d at 172 n.6. At another point in our analysis, we more broadly stated: "[B]ecause genuine issues of material fact exist regarding these issues, they are for the trier of fact to resolve." 336 So. 2d at 171.

As noted, in Ex parte Teal we decided that substantial evidence existed demonstrating the existence of a genuine issue of material fact

6

concerning Teal's struck defenses. Of course, the existence of such substantial evidence precludes the entry of a summary judgment. See Rule 56(c)(3), Ala. R. Civ. P. When discussing, in the summary-judgment context, whether there is substantial evidence establishing the existence of a genuine issue of material fact, sometimes courts and attorneys casually describe the presence of such evidence as creating a "jury question."[1] However, more precisely, the presence of such evidence

---

[1]See, e.g., Hughes v. Marley, [Ms. SC-2023-0009, Aug. 25, 2023] ___ So. 3d ___, ___ (Ala. 2023) ("Hughes opposed the summary-judgment motion, arguing that a jury question existed as to the cause of Willie's sepsis."); Ex parte Price, 244 So. 3d 949, 957 (Ala. 2017) ("Price has presented a jury question, making a summary judgment inappropriate."); Ex parte Randall, 971 So. 2d 652, 661 (Ala. 2007) ("[T]he trial court … entered an order denying Randall's summary-judgment motion and finding that a jury question was presented."); Ex parte General Motors Corp., 769 So. 2d 903, 912 (Ala. 1999) ("Because this case is before this Court on appeal from a summary judgment in favor of GM and Bishop, we are concerned only with whether Tucker presented substantial evidence of each of these three factors so as to create a jury question."); Tomlinson v. G.E. Cap. Dealer Distrib. Fin., Inc., 601 So. 2d 905, 906 (Ala. 1992) ("Tomlinson appeals, arguing that the issue of whether CADO is G.E. Capital's agent is a jury question and that, therefore, the summary judgment was improper."); and Sawyer v. Chevron U.S.A., Inc., 421 So. 2d 1263, 1266 (Ala. 1982) ("[W]e opine that a jury question was presented and that the trial court erred in granting Chevron's motion for summary judgment.").

precludes a summary judgment and creates a factual question for the "trier of fact." Of course, when an issue survives a summary-judgment motion, sometimes the eventual trier of fact will be a jury at a trial. However, sometimes the eventual trier of fact will be a trial-court judge at a bench trial. In Ex parte Teal, when we said that Teal was entitled to have a jury consider his struck defenses, we essentially used the term "jury" as shorthand for the broader term "trier of fact." We did not intend to say that a jury was the only possible trier of fact regarding Teal's defenses. Our holding in Ex parte Teal that the partial summary judgment was inappropriate due to the existence of genuine issues of material fact simply meant that the relevant issues should be decided by the appropriate trier of fact, not that the issues must necessarily be decided by a jury.

Now that we have clarified our holding in Ex parte Teal, it becomes clear that Teal is entitled to a pretrial evidentiary hearing to determine whether he is immune on the ground of self-defense under § 13A-3-23(d). As noted, § 13A-3-23(d)(1) provides that "[a] person who uses force, including deadly physical force, as justified and permitted in this section is immune from criminal prosecution and civil action for the use of such

8

force, unless the force was determined to be unlawful." Section 13A-3-23(d)(2) provides, in relevant part:

> "Prior to the commencement of a trial in a case in which a defense is claimed under this section, the court having jurisdiction over the case, upon motion of the defendant, shall conduct a pretrial hearing to determine whether force, including deadly force, used by the defendant was justified or whether it was unlawful under this section."

Accordingly, Teal is plainly entitled to a pretrial evidentiary hearing to determine whether he is immune from suit on the ground of self-defense. We further observe that "the general purpose of immunity is not just to prevent one from having the burden to 'stand trial,' but also to prevent one from having the burden of 'being subjected to suit' and of litigation in the first place." Ex parte Watters, 220 So. 3d 1093, 1099 (Ala. 2016) (quoting Ex parte Auburn Univ., 6 So. 3d 478, 484 (Ala. 2008)). Accordingly, "a proceeding to test a defendant's entitlement to immunity should occur as soon as practicable, with due regard to the trial court's authority to manage its docket and both sides' ability to prepare for the proceeding." 220 So. 3d at 1099.

Teal is entitled to a pretrial evidentiary hearing to determine whether, under § 13A-3-23(d), he is immune from suit on the ground of self-defense. We therefore grant the petition for a writ of mandamus and

9

issue the writ directing the circuit court to conduct a pretrial evidentiary hearing to determine whether Teal is immune on the ground of self-defense.

PETITION GRANTED; WRIT ISSUED.

Parker, C.J., and Wise, Sellers, Mitchell, and Cook, JJ., concur.

Mendheim, J., dissents, with opinion, which Shaw and Stewart, JJ., join.

MENDHEIM, Justice (dissenting).

I respectfully dissent. Dalton Teal's mandamus petition was filed outside of the presumptively reasonable time for filing such a petition established in Rule 21(a), Ala. R. App. P., and, thus, I would dismiss Teal's mandamus petition as untimely filed.

Rule 21(a)(3) clearly states that "[t]he petition shall be filed within a reasonable time. The presumptively reasonable time for filing a petition seeking review of an order of a trial court or of a lower appellate court shall be the same as the time for taking an appeal." The "reasonable time for filing a petition" in the present case is therefore 42 days. See Rule 4, Ala. R. App. P.

On July 6, 2021, Teal filed in the circuit court a motion for a pretrial evidentiary hearing to consider whether, under § 13A-3-23(d), Ala. Code 1975, he is immune from suit on the ground of self-defense. Ultimately, the circuit court denied Teal's motion for a pretrial immunity hearing on November 10, 2022. Teal did not file his petition for a writ of mandamus with this Court until January 24, 2023, which was 75 days after the circuit court had entered its November 10, 2022, order denying Teal's

motion. Teal's mandamus petition was filed 33 days after the presumptively reasonable time.

Teal's untimely filing of his mandamus petition does not necessarily require dismissal, however, because Rule 21(a)(3) provides that, "[i]f a petition is filed outside this presumptively reasonable time, it shall include a statement of circumstances constituting good cause for the appellate court to consider the petition, notwithstanding that it was filed beyond the presumptively reasonable time." This Court has stated that the filing of such a statement in support of an untimely petition for a writ of mandamus is mandatory. Ex parte Pelham Tank Lines, Inc., 898 So. 2d 733, 736 (Ala. 2004); Ex parte Troutman Sanders, LLP, 866 So. 2d 547, 550 (Ala. 2003) (dismissing an untimely petition for a writ of mandamus when the petitioner had "offered no explanation for its failure to file the petition within a presumptively reasonable time"). The Committee Comments to Amendments to Rule 21(a) and 21(e)(4) Effective September 1, 2000, set forth the following factors an appellate court should analyze in determining whether good cause exists for the court to consider an untimely petition for a writ of mandamus:

> "[T]he prejudice to the petitioner of the court's not accepting the petition and the prejudice to the opposing party of the

court's accepting it; the impact on the timely administration of justice in the trial court; and whether the appellate court has pending before it other proceedings relating to the same action, and as to which the jurisdiction of the appellate court is unchallenged."

In his petition, Teal does not explicitly acknowledge the fact that his mandamus petition was filed beyond the presumptively reasonable time.[2] The only portion of his petition that could possibly be read as an implicit acknowledgement of its untimeliness and as "a statement of circumstances constituting good cause" for its being "filed beyond the presumptively reasonable time" is a footnote appearing in the "statement of the case" portion of his mandamus petition, which states: "Undersigned counsel was only recently provided the transcripts of the hearings by the court reporting company in this matter and could not file this petition until without [sic] a complete record." Teal's petition, p. 2 n.12.

---

[2]In fact, I note that neither party directly addresses whether Teal timely filed his mandamus petition. This Court, however, has previously considered the timeliness of a mandamus petition even though not challenged by the parties. See Ex parte Allstate Prop. Cas. Ins. Co., 237 So. 3d 199, 203 (Ala. 2017)("Although not raised by any of the parties to these proceedings, this Court must first consider whether these petitions were timely filed.").

Teal's statement does not provide this Court with the information necessary to analyze whether good cause exists to consider the merits of his untimely filed mandamus petition. Teal indicates that his counsel "was only recently provided the transcripts of the hearings by the court reporting company in this matter," but he provides no facts indicating when he ordered the transcripts or when he actually received the transcripts, and the transcripts themselves do not indicate when they were delivered to Teal's counsel. Teal has not indicated that his delay in receiving the transcripts from the court-reporting company was through no fault of his own. Moreover, Teal's statement does not provide this Court with the information to analyze the factors set forth in the comments to Rule 21, quoted above.

Teal's petition was filed 33 days after the presumptively reasonable time for filing a mandamus petition, and Teal has not provided this Court with a useful "statement of circumstances constituting good cause" for its being "filed beyond the presumptively reasonable time." Accordingly, I would dismiss Teal's petition as untimely filed, and, thus, I respectfully dissent from the main opinion.

Shaw and Stewart, JJ., concur.

14